Good morning, Your Honor. Good morning. Please report. My name is Curt Rowland, Mr. Velasquez, the defendant appellant, Mr. Velasquez-Reyes. I'd like to reserve one minute for appeal. Mr. Velasquez. You'll have to keep your voice up. Thank you. Mr. Velasquez's position, Mr. Velasquez-Reyes' position is conviction for arson is not a crime of violence under the categorical or modified categorical approach. In 1991, he was convicted of second-degree arson under the Washington statute, 9A.48.030. Can you pull that mic up? Maybe that'll help. Yeah. You're pretty tall. Well, I think you should speak a little louder. We're close enough. We should be able to hear you. All right. I'll work on that, Your Honor. Thank you. Right on. Don't be bad. He was assessed a 16-level enhancement because he treated his second-degree arson conviction as a crime of violence. It wasn't a crime of violence because – categorically a crime of violence because the Washington statute is overbroad when compared to the federal statute. First, the Washington statute criminalizes knowing malicious conduct. And under the Washington pattern jury instruction, the person has to acknowledge when he or she is aware of the fact, circumstance, or result, which is described by law as being a crime, whether or not that is a crime. But both statutes require knowledge, right? And then we have this little difference, and you say it's a big difference, but it's a difference between what is knowing and what is intentional, right? Knowing and willful, Your Honor. Knowing and willful. Yes. Now, if you have to couple either of those concepts with malice, how can you escape either one of them? If a person acts maliciously, is not that person acting in both ways? That is, both ways under the two statutes? I believe so, Your Honor. I think under Washington's, you can act – the Washington statute, the way it's caused a fire is something else. So you can – I can technically, knowing and maliciously build a bonfire in my front yard, and as a result, this car flies off and lands on my neighbor's car. Well, what's your malice in building your bonfire? Malice in building a bonfire in your own backyard. Now, what are you malicious about? Unless you're malicious about injuring somebody else, or if you're just going to build a bonfire for a little social event, where's the malice? Until you get to the point where you're going to endanger somebody else or do damage to somebody else. Now, if you can do that maliciously without intending any consequence to somebody else, you can tell me how it can happen. I think it's a fine distinction, Your Honor. I think – Well, it's not a fine distinction because both statutes say malice. Yes, but the knowledge and the willfulness are two different – They may be. They may be. But when you couple them with malice, how do you get malice out of either one without having pretty much both? That's my trouble. See? Yes, Your Honor. Off the top of my head, I would have to say that – Can't think of a way. I can't think of one. No, Your Honor. All right? Now – and then you make the argument in your reply brief that it makes a difference because the monetary amount is not there. And so generically, we can get the no arson because there's no monetary minimum, right? I think the monetary minimum – in the brief, I misspoke on that, what I meant. The monetary amount isn't actually an element of the crime. It's more a penalty provision. Okay. So I don't think we need to have a monetary amount. Okay. And under that argument anyway, even the federal arson wouldn't be a crime of violence because it has no – It doesn't list a dollar figure. Okay. Okay. I understand. So again, we would still argue that Washington, because of the knowing element, still encompasses a broader range of conduct than the federal definition. Again, part of the example I gave you was if I built a bonfire, burned the neighbor's car, under Washington law, I can be convicted of arson, but under the federal statute, because I didn't willfully do that, set fire directly to the item. What would be malicious about a bonfire which spreads without the knowledge of the individual that it would do that and burns the neighbor's car? I don't think there would be anything malicious about that if he was – if he didn't know about it. If the violence is required, so therefore, under that statute, he wouldn't be convicted, would he? Hypothetically, if the State could show somehow that he maliciously set the fire, not intending it to spread, cause fire to his neighbor's house. We're going beyond then just a bonfire? Yes. Usually bonfires aren't for malicious purposes. Sometimes, Your Honor, yes. Finally, under Washington statute, the requirement of the use or attempt to use a threat of force against a person or another under the guidelines isn't an element of second-degree arson under Washington law. For example, under Washington law, the act of burning piles of brush or stacks of wheat is considered second-degree arson. However, under the Federal guidelines, this isn't an item that's included in there. The Federal statute for arson lists bigger ticket items, whereas the Washington statute lists smaller ticket items, which would be another difference. Whereas in Washington, you can be convicted of second-degree arson if you were burning wheat or timber or brush. But under the Federal statute, that's not included. So, again, we would argue it was overbroad in that sense. Moving to the modified categorical approach, it's also argued if the Court concludes that categorically it was, we'll move to the modified categorical approach. The Court documents submitted don't unequivocally establish that he was convicted of a crime of violence. Beginning with the information, it states that the language tracks the statute of Washington, the Washington statute, showing that he knowingly and maliciously caused a fire or explosion which damaged a building and property, particularly Hartwell's property. But it doesn't show that his actions fall within the definition of the Federal arson statute. The information charges him with damaging a building and fire. However, it's unclear. Wait a minute. The indictment says a little more than that, doesn't it? Doesn't it say, doesn't it say building and property? Doesn't it say building and property? It says building and property. Yeah. But it says the property of Vicki Hartwell. The discrepancy becomes when we look at his change of plea or his statement on plea of guilty. It says that I was, on October 3rd, I was angry with my friend and I set fire to his door. Yeah, but I'm talking about the, was it an information in the state court? It was an amended information, yes. I'm sorry? An amended information, yes. And it says, it says building and property, does it not? Yes. And then it gives an address. Yes, it does. Now, you're saying that by his plea, he was convicted of no more than having set fire to. A door. A door. But there's nothing in there to show that the door was. Either that it was, was the building referred to the indictment? Possibly. Possibly. Some other property. That's your argument. The argument is it's not clear. There's a discrepancy between the information and the change of plea where he says, in the change of plea, I set fire to a door. The indictment says, or the information, says he set fire to a property and building. So the argument is, because it's not clear whether he set fire to this door. Property, property is a legal concept rather than a physical concept. I don't know. It could be a residence and property referring to a single physical item that is the building. Maybe, but it's unclear, Your Honor. Okay. That would be our argument is because it's not clear. All right. Briefly to wrap up, I see I have just about a minute left. The second argument or second issue would be district court erred in increasing the statutory maximum under Apprendi, the Apprendi argument. I'd like to reserve a minute for rebuttal, Your Honor. Okay. Have you thought about whether, in the event that we disagree with you on those issues, you want this, you would want this remanded or pursuant to Ameline? I think under Ameline it would, I haven't had a chance to speak directly with the defendant, but I think under the rules of Ameline it would need to go back to the court to determine first whether they would have granted a lower sentence knowing that the guidelines are now advisory. So I think in this case a limited remand just for the purpose of sentencing, regardless of how it would be necessary. Okay. Thank you. Thank you. Good morning. Police Department. My name is James Taggarty. I'm an assistant U.S. attorney in the Eastern District of Washington, and this was a matter that I handled at the trial level. The court has inquired as to what the appropriate standard would be for determining  And it suggested possibly the adoption of the Hathaway approach. I think this court has previously addressed a similar issue in the Anderson case, and specifically at page 312, and that was an extortion case. And what the court said at that time was to determine whether a crime is burglary, arson, or extortion. We must not look to whether it bears one of the labels under state law, but rather look at the generic definition of that crime. So I think that in the court's inquiry, I think that the history has been that we are going to look at the generic definition of the crime. The court also in so if we look at it, we basically would be adopting or have adopted, really have adopted in that Anderson case, that the sort of same approach is taken in Hathaway. And I think that is probably the way the court would lean. I point out in my response to the court that this court in the Montenegro indicated that in that case it said that because it is an enumerated crime, it strongly suggests that those under all circumstances would be a crime of I think in the case of arson, because it is clear other than minor languishing, as your Honor has pointed out, that in Washington it's knowingly and maliciously versus willfully and maliciously. I think that the decision of Montenegro can be continued because the generic definition of arson in all of the cases that seem to be out there, and it doesn't appear to be a topic of great interest or has it come up in many cases, it appears to be quite clear that it is a willful and malicious burning of personal property. And that seems to run through all of those cases. And in those cases it says that the states carry that definition to their statutes. Therefore, if you say, as they did in the case of Montenegro, it's enumerated as arson. The generic is consistent throughout all states. It is consistent in the federal definition. Therefore, there isn't any problem saying that under all circumstances it is a crime of violence without any analysis whatsoever. I'm sure the Court is loathe to go that way, wanting individuals to be able to argue that conviction under the modified version to make sure that to ensure that your conduct as a defendant is analyzed in connection with those. And, therefore, you're given an opportunity to challenge that because of the significant consequences of a crime of violence, both as in this case and an alien case, as well as other statutes such as armed career criminal or firearm cases where it increases your offense level. Well, you're not arguing that just because the word arson is in the federal statute that you quit looking there. You still have to look to the state statute at least, do you not? I'm saying is I don't think the Court will go down that road, although I'd like to suggest you do. Well, how can we in the face of the way states define burglary? For sure, we know what we have to do there. And then I'm just thinking here that it might be that some legislature someplace would say we're going to make it arson to set off any rather benign fireworks as a way of getting at that and call it arson. They might do that. We don't know. They might well do that. However, I think at this time that all states are using willful and malicious or knowing and malicious. And we know that because we look at the statute. So, therefore, if that in fact would be the case, if everybody uses it, including the federal, it's not the same as the winner in the burglary where residential burglary may be differently defined in 50 states. So under that case, if it's totally accepted. I may be missing something, but why do you need to argue that in this case? Do you? I want to point that out because I think that this Court has already said in the Bonilla-Montenegro that if it's enumerated, as strongly suggested, it is always a case. And I think that the reason that they're listed is because of, in most cases, there is a consistency in definition, murder, arson, that those are crimes which have a generally accepted definition and elements. And, therefore, the legislature has adopted those because they do have that sort of accepted definition. And winner, I think, is different because I think burglary of a dwelling is different because I think statutes in various states, such as Washington, calls that same crime residential burglary. In California, it may be a residential burglary. In Nevada, it might be burglary of a dwelling. So there is a difference because there's a difference both in title and in the elements of it. But I point that only because I think that it doesn't do injustice to Taylor or to the whole concept of increasing and penalizing a defendant for a crime of violence because I think it's an accepted crime, the definition is accepted, and I think, therefore, you could find that it is categorically a crime of violence. In Hathaway, I think the court has brought up the issue about the monetary. I think the Hathaway court, although referencing it, I think clearly says is, when the defendant argued that it was a complex liability in a value amount, that the court kind of said, we don't think it's necessary, but even if we did, we don't find that it violates that. The federal statute has no monetary amount, and I think the generic definition, the common law definition of arson makes no reference to an amount, and I think the suggestion to add an amount in there is first in violation of that generic thing, and they would be adding it. Based upon what I heard counsel saying, I think he's almost abandoned the issue about monetary value. That's the way I read his argument. I don't think there's anything to argue about there. And the only reason I bring that up is if I'm ever before this court again on an arson case, I do not want to be addressing a generic issue of finances because if somebody argues that, or a district court says that. So a clarification of this is not an element certainly sends a message to people that it's not, and it is a matter, I think, of some interest to make sure that, because it's very difficult to find what the generic definition of arson is in the cases because it seems they just say willful burning and they leave it at that, and then we have the model of penal code saying there's a value on it. And there was in the brief a reference to the contemporary generic, which seemed to be an argument that we moved from the original willful and malicious burning of personal property to a new definition under the model of penal code that includes an amount. Therefore, I think we want to distinguish that it is the generic does not have. The issue of knowledge, is it willful? Is it knowingly? I think it's quite clear that the definition of willful includes, the fact is that it is an act that is, to be a willful act, the setting of the fire must be a conscious, intentional act done knowingly and according to a purpose as distinguished from a fire started by accident or involuntary accident. That's United States v. Jane Doe, 136, 631 and 635. I believe in this case that the Washington statute is a higher level of culpability and that the definition of willful act means that a knowingly done act, which is knowing and intentional, which this defendant did, would meet the willful standard. And the change of language doesn't change. The fact is that that willfulness is there and present in this case. I believe for those reasons that the court should find that the defendant was, in fact, convicted of a crime of violence and that he was properly enhanced. And as for remand, the government has not, the issue came up and I have not had an opportunity to review the record, but we would ask that it not be remanded, believe that the sentence imposed in this case was appropriate. All right. Thank you. Thank you. Mr. Roland, do you wish to add anything? Just briefly, Your Honor. If I understand counsel correctly for the government, his position is that because arson is enumerated in the statute, it should be treated automatically, categorically as a crime of violence. I think the case in Wenner shows that just because something's listed, it's not categorically a crime of violence. I think this is a case for us to apply. Thank you, Your Honor. I understand that position. Thank you. The case just argued is submitted for decision.
judges: Schroeder, Alarcon, Leavy